1  Peter E. Perkowski (SBN 199491)
   peter@perkowskilegal.com
2  PERKOWSKI LEGAL, PC
   445 S. Figueroa Street
3  Suite 3100
   Los Angeles, California 90071
4  Telephone: (213) 426-2137

5  Attorneys for Plaintiff
   XPOSURE PHOTO AGENCY INC.
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 | XPOSURE PHOTO AGENCY INC.,        | Case No.: 2:21-cv-612
11 |     *Plaintiff*,                  | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**
12 | v.                                |
13 | DUNDAS WORLD LTD.,                | *Jury Trial Demanded*
14 |     *Defendant*.                  |

18     Plaintiff Xposure Photo Agency Inc., for its Complaint against Defendant
19  Dundas World Ltd., alleges as follows:
20     1.   This is an action for copyright infringement brought by plaintiff, the
21  holder of the copyright to the photograph described below, against defendant for use
22  of plaintiff's photograph without authorization or permission.
23                              **JURISDICTION**
24     2.   This action arises under the Copyright Act of 1976, Title 17 U.S.C.
25  § 101 et seq.
26     3.   This Court has jurisdiction over the subject matter of this action under
27  28 U.S.C. § 1331 (federal question) and § 1338 (copyright).
28

4. On information and belief, defendant and/or its agents committed the infringement described below using individuals and/or instrumentalities located within the United States.

## PARTIES

### *Plaintiff*

5. Plaintiff Xposure is an entity organized and existing under the laws of the State of California with its principal place of business in Beverly Hills, California, in this judicial district. Plaintiff is a photo agency that maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

6. Plaintiff licenses such photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

### *Defendant*

7. On information and belief, defendant Dundas World is an entity organized and existing under the laws of the nation of the United Kingdom with its principal place of business in the London borough of Hammersmith, England.

8. Defendant Dundas World is a high-end fashion boutique specializing in women's clothing and shoes. Dundas World primarily retails clothing on its website https://www.dundasworld.com, but also operates some brick-and mortar-flagship stores across the world. Particularly, Dundas World caters to celebrities and other social elites—including high-profile individuals in the United States and Hollywood in particular—through its "couture" service by offering made-to-order garments crafted by its "in-house team of artisans in Italy."

9. On information and belief, defendant Dundas World is the owner and operator of the Instagram account @dundasworld.

***Personal Jurisdiction***

10. This Court has personal jurisdiction over defendant Dundas World because it has engaged in conduct with or in California, has contacts with California, and the claim arises out of those contacts.

11. Specifically, Dundas World owns and maintains a brick-and-mortar flagship store in Los Angeles, California. The Los Angeles flagship store is one of only a limited number across the world. In fact, the Dundas World website only lists four other locations in New York, Dallas, Miami, and Mykonos respectively.

12. Evidenced by the Los Angeles flagship store, Dundas World targets sales and advertising to Los Angeles specifically because of its prominence in the fashion industry and the readily available market of persons who would be interested in Dundas World's apparel. Indeed, out of the many large cities across the world, Dundas World only chose for their flagship stores locations known for their stature in the fashion industry, Los Angeles being one of them.

13. Additionally, Dundas World's couture service targets celebrities, many of whom reside in Los Angeles County. On information and belief, many of the made-to-order garments created for celebrities by Dundas World were made specifically for red carpet events and awards shows in Los Angeles. By way of example, Dundas World designed and created a garment worn by Beyonce Knowles at the 2017 Grammy Awards show.

14. The claim arises out of Dundas World's contacts with California because the infringing work on Dundas World's Instagram Story was created specifically to advertise defendant's "D6" line of apparel. One target audience of the advertisement are those who will shop at the Los Angeles flagship store.

***Venue***

15. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), or § 1391(b)(3), or under 28 U.S.C. § 1400(b).

## BACKGROUND FACTS

### *Defendant's Infringement*

16. Plaintiff is the owner and copyright holder of a photographic image depicting model and Instagram star Maya Henry wearing clothing designed by defendant and accompanied by singer-songwriter Liam Payne (the "Photograph"). The photograph was registered with the United States Copyright Office as Registration No. VA 2-197-551.

17. Plaintiff never licensed the Photograph to defendants. Nevertheless, defendants used the Photograph without authorization or permission from plaintiff to do so.

18. Specifically, Dundas World copied the Photograph and distributed it on its Instagram story on or about November 21, 2019.

19. At the time that defendants copied and distributed the Photograph, they knew or should have known that they did not have authorization or permission to do so.

20. Defendants did not disclose their unauthorized uses of the Photograph to plaintiff or seek permission to use the Photograph. Plaintiff's agent discovered defendant's unauthorized use on or about January 12, 2020.

### *Defendant's Infringement Harmed Xposure*

21. The Photograph is highly creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of Maya Henry and Liam Payne's celebrity status, and the Photograph's quality and visual appeal, plaintiff (and the photographer it represents) stood to gain licensing revenue from licensing the Photograph.

22. But defendants' unauthorized use harms the existing and future market for the original Photograph. Dundas World's Instagram story made the Photograph immediately available to its nearly 217,000 followers and to the public, consumers of high-end fashion apparel and celebrity news, who would otherwise be interested in

viewing licensed versions of the Photograph in the magazines and newspapers that are plaintiff's customers.

23. In addition, defendants' unauthorized use is commercial in nature. Dundas World uses its Instagram feed for the purposes of promotion—specifically, to promote its own business interests, products, and ventures. Indeed, Dundas World specifically posted the Photograph to its story to advertise the Dundas World designed clothing worn by Maya Henry in the Photograph. Particularly, Dundas World writes in the post "@maya_henry in #D6" with D6 being one of the lines of apparel offered by Dundas World. In short, defendant's Instagram posts and stories promote its products, the infringing post at issue here being no exception.

## CLAIM ONE
## (For Copyright Infringement)

24. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

25. Plaintiff is the author and or/copyright owner of the protected Photograph named above in this Complaint.

26. Defendant has reproduced, displayed, distributed or otherwise copied the Photograph without plaintiff's authorization or license.

27. The foregoing acts of Defendant infringed upon the exclusive rights granted to owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

28. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

29. Plaintiff suffered damages as a result of Defendant's unauthorized use of the Photograph.

30. Having timely registered his copyright in the Photograph, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

31. Plaintiff alleges, on information and belief, that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

32. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Photograph, under 17 U.S.C. § 504(b).

33. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

34. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## CLAIM TWO

**(For Vicarious and/or Contributory Copyright Infringement)**

35. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

36. If defendant is not liable as direct infringer of the Photograph, they are secondarily liable for the infringements directly committed by individual employee, contractor, or other infringers presently unknown (the "Direct Infringers").

37. Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

38. Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Photograph was published on defendant's Instagram account and defendant was, or should have been, aware of that fact. As the owner of the Instagram account, defendant knew or was willfully blind to the fact that it did not have licenses to use Photograph.

39. Defendant had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on its Instagram account.

40. Defendant obtained some financial benefit from the infringement of plaintiff's rights in the Photograph because the Photograph was a draw for viewers regardless of the revenue received from any specific use and because the Photograph encouraged viewers to purchase defendant's products. Accordingly, defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

41. As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered substantial damages in an amount to be proven at trial.

42. Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at its election, statutory damages.

43. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

44. Plaintiff is further entitled to attorney fees and costs under 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photograph described in the Complaint;

B.    For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C.    Under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D.    For actual damages and all profits derived from the unauthorized use of the Photograph or, where applicable and at plaintiff's election, statutory damages;

E.    For an award of pre-judgment interest as allowed by law;

F.    For reasonable attorney fees;

G.    For court costs, expert witness fees, and all other costs authorized under law;

H.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: January 22, 2021    Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
      Peter E. Perkowski

Attorneys for Plaintiff
XPOSURE PHOTO AGENCY INC.